**John M. Coletti**, OSB No. 942740
john@paulsoncoletti.com
**PAULSON COLETTI TRIAL ATTORNEYS PC**
385 SW First Street, Ste. 217
Lake Oswego, OR. 97034
Phone: (503) 226-6361
Facsimile: (503) 226-6276

**Hala J. Gores**, OSB No.890489
hala@goreslaw.com
**HALA J. GORES, P.C.**
1332 SW Custer Drive
Portland, OR  97219
Phone: (503) 295-1940
Facsimile: (503) 295-2651

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ESTATE OF LENIN ROSAS HERNANDEZ**, by and through its Personal Representative, Jaime Delgado Hernandez,<br><br>              Plaintiff,<br>    v.<br><br>**VIGILNET AMERICA LLC;  LMG HOLDINGS, INC., doing business as SCRAM SYSTEMS; WASHINGTON COUNTY; WASHINGTON COUNTY COMMUNITY CORRECTIONS; WASHINGTON COUNTY SHERIFF'S OFFICE; WASHINGTON COUNTY CIRCUIT COURT; OREGON JUDICIAL DEPARTMENT; and STATE OF OREGON; DOES 1 - 10;**<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Violation of Civil Rights (42 U.S.C. § 1983); Wrongful Death; and Punitive Damages<br><br>DEMAND FOR JURY TRIAL |

Page 1 – COMPLAINT

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Estate's claims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims are so related to their federal claims that they form part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (3). The events giving rise to this Complaint occurred in this District and defendants' conduct occurred within this District.

4. This Complaint is properly filed in the Portland Division. A substantial part of the events or omissions giving rise to plaintiff's claims occurred in this Division.

5. The plaintiff served timely written notice of its claims to defendants Vigilnet America LLC, Washington County, Washington County Sheriff's Office on February 17, 2023.

6. The plaintiff served timely written notice of its claims to defendants Washington County Circuit Court, Oregon Judicial Department, State of Oregon, and LMG Holdings, Inc., doing business as SCRAM Systems on November 16, 2023.

## PARTIES

7. Jaime Delgado Hernandez, Personal Representative for the Estate of Lenin Rosas Hernandez who died at age 38, is the duly appointed Personal Representative of Lenin Rosas Hernandez's estate. Ms. Rosas Hernandez is survived by her husband, Marcos Rosas Martinez;

Page 2 – COMPLAINT

her minor children, A.R.P. and M.A.R.P.; and her adult child, Eliseo Perez Galindo; her parents Maria Reyes Hernandez and Juan Perez; and her step father, Ismael Delgado.

8. Vigilnet America LLC is a corporation engaged in the activity of monitoring individuals released from custody with electronic monitoring devices.

9. LMG Holdings, Inc., doing business as SCRAM Systems is the manufacturer and sole proprieters of SCRAM technology which is used to monitor individuals released from custody, and are developers of software programs used to monitor said technology.

10. Defendants State of Oregon and Washington County are municipal corporations of the State of Oregon.

11. Defendant Oregon Judicial Department is a municipal corporation owned and operated by the State of Oregon.

12. Washington County Sheriff's Office is a municipal corporation of the State of Oregon and is owned and operated by defendant Washington County.

13. Washington County Community Corrections is a municipal corporation of the Sate of Oregon and is owned and operated by defendant Washington County.

14. Washington County Circuit Court is a municipal corporation of the State of Oregon and is owned and operated by defendant Washington County.

15. At all materials times, defendants Does 1-10 were employees, officers, administrators and supervisors of the defendants and were responsible for individuals released by the Washington County Circuit Court with electronic monitoring and surveillance, along with the enactment and implementation of policies, practices and customs relating to the monitoring of released inmates and the safety of their victims. At all material times defendants Does 1-10 were acting under the color of the state law.

## FACTUAL ALLEGATIONS

16. On or about October 14, 2022, Carlos Jimenez-Vargas was indicted on multiple serious criminal charges, including unlawful use of a weapon with a firearm constituting domestic violence, strangulation constituting domestic violence, assault in the fourth degree constituting domestic violence and menacing constituting domestic violence. Gabriela Jimenez, Mr. Jimenez-Vargas' wife and Lenin Rosas' sister, was one of the victims.

17. Carlos Jimenez-Vargas was released by Washington County Court with release conditions that included pretrial electronic monitoring through defendant Vigilnet America LLC using a device manufactured by LMG Holgings, Inc., dba SCRAM Systems, and no contact with the victims and family of the victims.

18. Vigilnet America LLC advertises itself as an "expert in providing electronic monitoring and other services aimed at increasing public safety."

19. Prior to releasing Carlos Jimenez-Vargas from jail, the County and State defendants failed to provide Gabriela Jimenez's home address to Vigilnet America LLC as an "exclusion zone/address" which Mr. Jimenez-Vargas was not allowed to access. Further, defendant Vigilnet America LLC made no attempt to obtain exclusion zone/addresses information from the County and State defendants. Without exclusion addresses, the electronic monitoring of Carlos Jimenez-Vargas was rendered useless.

20. Prior to the deaths in question, the Washington County defendants and Vigilnet America LLC reported electronic monitoring alerts and violations only to pretrial release staff during business hours on weekdays. In other counties, Vigilnet America LLC reports violations directly to law enforcement rather than court staff.

21. On Monday, November 14, 2022, Carlos Jimenez-Vargas was at Gabriela

Jimenez's for 14 minutes without an alert or notice of violation in any form.

22. Two days later, on Wednesday, November 16, 2022, Carlos Jimenez-Vargas returned to the Gabriela Jimenez's home and shot and killed both Lenin Rosas and Gabriela Jimenez. Carlos Jimenez-Vargas was at Ms. Jimenez's home for approximately 50 minutes without an electronic alert and/or violation.

## FIRST CLAIM FOR RELIEF

## Civil Rights Claim - 14th Amendment - 42 USC § 1983

## Wrongful Death

## Does 1-10

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above.

24. Defendants were deliberately indifferent to Ms. Rosas' rights under the Fourteenth Amendment of the U.S. Constitution in the following particulars:

    a.    In failing to provide and/or request Ms. Gabriela Jimenez's home address so that her home was included as an exclusion zone for electronic monitoring in the event that Carlos Jimenez-Vargas attempted to make contact with Ms. Jimenez in violation of his release agreement;

    b.    In failing to monitor electronic violations and alerts outside of normal business hours;

    c.    In failing to send alerts and violations directly to the Washington County Sheriff's Office as opposed to court staff; and

/ / /

/ / /

   d.  In releasing Carlos Jimenez-Vargas from custody, knowing the threat he presented to his victims and the limitations of electronic monitoring given the above.

25. As a direct result of the actions and inactions of the defendants set forth above, Ms. Rosas was shot and killed and suffered an agonizing death as the result of the defendants' failures. Her estate has been denied her love, society and companionship and is entitled to compensatory and pecuniary damages in a sum to be determined by a jury at the time of trial.

26. Defendants' actions and inactions were deliberately indifferent to Ms. Rosas' civil rights and callously disregarded Ms. Rosas' physical safety. Punitive damages should be awarded in a sum to be determined by a jury at the time of trial.

27. Plaintiff is entitled to necessary and reasonable attorney's fees and costs incurred in the prosecution of this action.

## SECOND CLAIM FOR RELIEF

### Civil Rights Claim - 14th Amendment - 42 USC § 1983

*Monell* Claims - Wrongful Death

**Vigilnet America LLC, LMG Holdings, Inc. dba SCRAM Systems; Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon**

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above.

29. Defendants Vigilnet America LLC, LMG Holdings, Inc. dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon by and through their supervisory staff and policymakers, were aware of and chose to disregard a

substantial risk that their policies, practices and customs with respect to monitoring individuals released with electronic supervision would cause suffering and death. The defective policies, practices and customs caused the suffering and death of Ms. Lenin Rosas and her sister, Gabriela Jimenez. The unconstitutional actions and/or omissions of defendants, as well as other officers employed by or acting on behalf of defendants, were pursuant to the following customs practices and/or procedures of the defendants which were directed, encouraged, allowed and/or ratified by policymaking officers for the defendants. The moving forces that resulted in the deprivation of Ms. Rosas and her estate's Fourteenth Amendment rights included, but were not limited to the following policies, customs or practices:

    a.    A policy, custom or practice of failing to ensure that all exclusion zone addresses and zones were included on the referral sheet to Vigilnet America LLC;

    b.    A policy, custom or practice of failing to review the referral form once received by Vigilnet America LLC to ensure that all necessary information was included in the referral, including exclusion addresses and zones;

    c.    A policy, custom or practice of monitoring individuals suspected of domestic violence only on business days and business hours rather than 24/7;

    d.    A policy, custom or practice of failing to refer electronic violations directly to responsible law enforcement agencies as opposed to court staff; and

    e.    A policy, custom or practice of allowing violent criminals, including Carlos Jimenez-Vargas, to be released from custody despite the known limitations

and effectiveness of electronic monitoring given the above-referenced policies, customs and practices.

30. The policies, customs or practices of defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon posed a substantial risk of causing substantial harm to domestic violence victims, generally and including Gabriela Jimenez and her sister, Lenin Rosas. Defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon should have been aware of these risks.

31. The unconstitutional actions and/or omissions of defendants and other personnel, as described above, were approved, tolerated and/or ratified by policymaking officers of defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon and their personnel. The details of the deaths of Ms. Rosas and Gabriela Jimenez have been revealed to authorized policymakers within defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon and such policymakers have direct knowledge of the fact that the deaths of Ms. Rosas and Ms. Jimenez were not justified, but rather represented an unconstitutional display of unreasonable, deliberate indifference to serious bodily injury, including death, and cruel and unusual punishment.

Notwithstanding this knowledge, the authorized policymakers have approved of their employees' and agents' conduct and decisions, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the deaths of Ms. Rosas and Ms. Jimenez. By doing so, the authorized policymakers of defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon have shown affirmative agreement with the defendants' actions and have ratified the unconstitutional acts of defendant Vigilnet America LLC.

33. As a direct result of the policies, customs or practices of defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon, Ms. Rosas was killed. Had Mr. Jimenez-Vargas been appropriately monitored, the defendants would have learned of the violation of his release agreement on November 14, 2022, two days before the murders occurred, which should have triggered Mr. Jimenez-Vargas' arrest, thus preventing the deaths.

33. Prior to her death, Ms. Rosas suffered severe physical and emotional distress and her estate has been denied her love, society and companionship. Ms. Rosas' estate is entitled to compensatory and punitive damages in a sum to be determined by a jury at trial.

34. The actions of defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon were recklessly indifferent to Ms. Rosas and her estate's civil rights, and callously disregarded Ms. Rosas' physical safety and punitive damages should be awarded against the

Page 9 – COMPLAINT

defendants, and each of them, in a sum to be determined by a jury at trial.

35. Plaintiff is entitled to necessary reasonable attorney fees and costs incurred in the prosecution of this claim.

### THIRD CLAIM FOR RELIEF

### Civil Rights Claim - 14th Amendment - 42 USC § 1983

### SUPERVISORY LIABLITY – WRONGFUL DEATH

**Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon**

36. Plaintiff realleges and incorporates paragraphs 1 through 35 above.

37. Defendants, in their supervisory capacities, were aware of the policies, customs or practices as alleged above, and were aware that said policies, customs, or practices created a substantial risk of causing substantial harm to the victims of domestic violence by endangering their health, safety and well-being. Despite that knowledge, said supervisors allowed, approved of and ratified said policies, customs or practices.

38. Defendants, in their supervisory capacities, failed to adequately train employees:

   a. In the need to ensure that all electronic monitoring referrals are completed appropriately, including the exclusion addresses and zones;

   b. In the need to monitor violent offenders with no contact orders 24/7 as opposed to only during business hours and on business days;

   c. In the need to refer all electronic violations and alerts directly to law enforcement as opposed to the court staff; and

      d.      In releasing Carlos Jimenez-Vargas knowing the limitations of electronic monitoring to protect victims given the previously referenced policies, practices and customs.

39.      The defendants were aware that the failure to train, as set forth above, created a substantial risk of causing harm to the victims of domestic violence.

40.      As the direct result of the actions and inactions of the defendants, Lenin Rosas endured and suffered severe physical and emotional distress prior to her death. Ms. Rosas' estate has been denied her love, society and companionship. Ms. Rosas' estate is entitled to compensatory and pecuniary damages in a sum to be determined by a jury at trial.

41.      Plaintiff is entitled to necessary and reasonable attorney's fees and costs incurred in prosecution of this action.

## FOURTH CLAIM FOR RELIEF

### Negligence

**Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon**

42.      Plaintiff realleges and incorporates paragraphs 1 through 41 above.

43.      The actions of the defendants, acting by and through their employees and agents, were negligent in one or more of the following particulars:

      a.      In failing to ensure that the referral form for Mr. Jimenez-Vargas' electronic monitoring was thoroughly completed, including all necessary addresses for exclusion zones;

  b.  In failing to monitor Mr. Jimenez-Vargas 24/7 given his history of domestic violence;

  c.  In failing to refer all electronic alerts and violations directly to law enforcement as opposed to court staff; and

  d.  In releasing Mr. Jimenez-Vargas from custody, despite his history of domestic violence, knowing the limitations of electronic monitoring given the defendants' policies, customs and practices as referenced above.

44. As a result of the actions and inactions of the defendants, and each of them, Ms. Rosas endured and suffered severe physical and emotional distress prior to her death. Ms. Rosas' estate has been denied her love, society and companionship. Ms. Rosas' estate is entitled to compensatory and pecuniary damages in a sum to be determined at the time of trial.

45. Plaintiff is entitled to necessary and reasonable attorney's fees and costs incurred in prosecution of this action.

### FIFTH CLAIM FOR RELIEF

**Gross Negligence/Reckless Conduct – Wrongful Death**

**Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon**

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above.

47. The defendants, by and through their employees, and agents, acting within the course of scope of their employment, were grossly negligent and acted with reckless misconduct in one or more of the following particulars:

    a.    In failing to ensure that the referral form for Mr. Jimenez-Vargas' electronic monitoring was thoroughly completed, including all necessary addresses for exclusion zones;

    b.    In failing to monitor Mr. Jimenez-Vargas 24/7 given his history of domestic violence;

    c.    In failing to refer all electronic alerts and violations directly to law enforcement as opposed to court staff; and

    d.    In releasing Mr. Jimenez-Vargas from custody, despite his history of domestic violence, knowing the limitations of electronic monitoring given the defendants' policies, customs and practices as referenced above.

48.    As a direct result of the misconduct of the defendants, Ms. Rosas endured severe physical and emotional distress prior to her death. Her estate has been denied her love, society and companionship. Ms. Rosas' estate is entitled to compensatory and pecuniary damages in a sum to be determined by a jury at trial.

49.    The actions of defendants were grossly negligent, were recklessly indifferent to Ms. Rosas' civil rights, and callously disregarded her physical safety. Punitive damages should be awarded in a sum to be determined by a jury at trial.

50.    Plaintiff is entitled to necessary and reasonable attorney's fees and costs incurred in prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court provide trial by jury and a judgment providing the following relief:

**On Plaintiff's First Claim for Relief**, for judgment against defendants Does 1 – 10, and each of them, for :

    A.    Compensatory and pecuniary damages in a sum to be determined at the time of trial, and

    B.    Punitive Damages in a sum to be determined at the time of trial, and

    C.    Necessarily and reasonably incurred attorney fees and costs.

**On Plaintiff's Second Claim for Relief,** for Judgment against Defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon, and each of them, for:

    A.    Compensatory and pecuniary damages in a sum to be determined at the time of trial, and

    B.    Punitive Damages in a sum to be determined at the time of trial, and

    C.    Necessarily and reasonably incurred attorney fees and costs.

**On Plaintiff's Third, Fourth and Fifth Claims for Relief,** for Judgment against Defendants Vigilnet America LLC, LMG Holdings, LLC dba SCRAM Systems, Washington County, Washington County Community Corrections, Washington County Sheriff's Office, Washington County Circuit Court, Oregon Judicial Department, and State of Oregon, and each of them, for:

    A.    Compensatory and pecuniary damages in a sum to be determined at the time of trial;

    B.    Punitive Damages in a sum to be determined at the time of trial, and

    C.    Necessarily and reasonably incurred attorney fees and costs.

/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff demands trial by jury in this action on all issues triable by a jury.

DATED : February 20, 2024

        PAULSON COLETTI TRIAL ATTORNEYS PC

        By: *s/ John M. Coletti*
            John M. Coletti, OSB No. 942740
            john@paulsoncoletti.com
            385 First Street, Ste. 217
            Lake Oswego, OR  97034
            (503) 226-6361

        HALA J. GORES, P.C.

        By: *s/ Hala J. Gores*
            Hala J. Gores, OSB No. 890489
            hala@goreslaw.com
            1332 SW Custer Drive
            Portland, OR  97219
            (503) 295-1940

        Of Attorneys for Plaintiff